**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) | |
| | ) | |
| Adam Christopher Cooke, | ) | Case No. 4:07-cr-036 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's "Motion to Suppress Evidence" filed on November 5, 2007. On November 28, 2007, the Government filed a response in opposition to the motion. The Defendant filed a reply on December 7, 2007. For the reasons set forth below, the Court denies the motion.

**I.    BACKGROUND**

On December 26, 2006, Isaiah Bauerle, a minor, was arrested for actual physical control of a motor vehicle while under the influence of alcohol, in violation of North Dakota law. See Docket No. 25. Officer Marc Balfour, a police officer in Harvey, North Dakota, interviewed Bauerle, who stated that the defendant, Adam Cooke, had provided Bauerle and another minor, Kim Hurley, with alcohol. See Docket No. 25. Hurley also admitted that she and Bauerle gave money to Cooke to purchase alcohol for them. See Docket No. 25. A state arrest warrant for Cooke was requested in a complaint dated January 23, 2007. See Docket No. 25-3. A state judicial officer (Judge James Bekken) granted the request for the arrest warrant and the warrant was issued on January 23, 2007. See Docket No. 25-4.

On February 8, 2007, Officer Balfour and other law enforcement officers went to Cooke's residence in Harvey, North Dakota, to execute the arrest warrant. According to the Government, Cooke invited the officers into his residence. Cooke requested and was given permission to dress himself. When the officers entered the residence, Officer Balfour noticed ammunition on the floor and what he believed to be drug paraphernalia. Officer Balfour asked Cooke if there were any weapons in the house. Cooke acknowledged that he had an AK-47 and reached for a rifle that was located above a doorway. Officer Balfour stopped Cooke and retrieved the firearm. Officer Balfour then asked Cooke if there were any other weapons in the residence. Cooke indicated there was a shotgun in a bedroom. The firearms were confiscated. Cooke's version of events differs from the Government's version. Cooke contends that after he answered the door, Officer Balfour entered Cooke's residence and noticed what he believed to be drug paraphernalia. Cooke answered affirmatively when Officer Balfour asked him whether he had any weapons in his home. Cooke then headed to a bedroom to get dressed in proper attire. Officer Balfour followed Cooke into the bedroom and noticed a rifle above the doorway and a shotgun against the wall.

It is undisputed that Officer Balfour placed Cooke in custody and transported him to the Harvey Police Station. Officer Balfour subsequently informed Agent Craig Zachmeier of the North Dakota Bureau of Criminal Investigation of the items present at Cooke's residence. Agent Zachmeier used the information obtained from Officer Balfour to obtain a warrant to search Cooke's residence. Controlled substances, drug paraphernalia, and ammunition were confiscated during the search of Cooke's residence on February 8, 2007. See Docket No. 25. Cooke was charged in state court as a result of the items found and seized in his residence. See Docket No. 25. On April 25, 2007, Cooke was charged in federal court with unlawful possession of an unregistered firearm,

unlawful making of a firearm, possession of firearms by an unlawful user of a controlled substance, and possession of ammunition by an unlawful user of a controlled substance. Cooke pled not guilty to each count.

Cooke contends that the state warrant for his arrest was improper because it was not based on sworn testimony or a sworn affidavit sufficient to establish probable cause. Cooke also contends that the state search warrant was defective because it was based on information secured during an illegal search, it was based on an invalid arrest warrant, and it was based on information provided to the court by Officer Balfour. Cooke moves the Court to suppress all evidence, statements, and testimony derived or secured from Cooke from and after the entry into Cooke's residence on February 8, 2007.

## II.  LEGAL DISCUSSION

The Fourth Amendment secures the persons, houses, papers, and effects of the people against unreasonable searches and seizures by the government. Rule 4 of the Federal Rules of Criminal Procedure states that "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it." Before an arrest warrant can be issued, the judicial officer issuing the warrant must be "supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." Whitely v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 564 (1971). "Probable cause to arrest exists when there is a reasonable ground for belief of guilt that is particularized with respect to the person to be searched or seized." United States v. Chauncey, 420 F.3d 864, 870 (8th Cir. 2005).

With respect to the search, the general rule is that the government must secure a warrant before conducting a search.  United States v. Alberts, 721 F.2d 636, 638 (8th Cir. 1983). "The Fourth Amendment requires a showing of probable cause to support a search warrant.  Whether probable cause exists depends upon the totality of the circumstances." United States v. Gabrio, 295 F.3d 880, 882 (8th Cir. 2002).  "The court issuing a search warrant must 'make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).  After a judicial officer has issued a search warrant upon a finding of probable cause, "that finding deserves great deference." Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998).

Based on a careful review of the entire record, and the considerable deference to be given to the state judicial officer's findings and decision, the Court finds that probable cause existed to support the issuance of a warrant for Cooke's arrest and for a warrant to search Cooke's residence. The state judicial officer (Judge James Bekken) was presented with more than sufficient evidence which strongly suggested that Cooke had provided a minor with alcohol.  The sworn complaint established that Cooke purchased alcohol for a person under twenty-one years of age on December 26, 2006, by using a $10 bill and two $5 bills given to Cooke by the minor.  The complaint further established that Cooke delivered alcohol to the minor.  Based on the complaint, there were reasonable grounds to believe that Cooke was guilty of delivery of alcoholic beverages to a minor. The record clearly reveals that the state judicial officer who issued the arrest warrant had sufficient

and reliable information to support an independent judgment that probable cause existed for the issuance of a warrant.

The state judicial officer was also presented with substantial evidence suggesting that evidence of a crime would be found at Cooke's residence. On February 8, 2007, Officer Balfour personally observed illegal firearms, controlled substances, and drug paraphernalia in Cooke's residence, and passed this information on to Agent Zachmeier of the North Dakota Bureau of Criminal Investigation, thus forming the basis for the issuance of a search warrant. No evidence has been presented to call into question Agent Zachmeier's veracity and he had sufficient knowledge based on what Officer Balfour had personally observed in Cooke's residence on February 8, 2007.

The Court finds that based on the totality of the information and circumstances presented to the state judicial officer, there was a reasonable and fair probability that contraband or evidence of a crime would be found at Cooke's residence. It is clear from the record that the state judicial officer made a practical, commonsense decision, given all the circumstances before him, that probable cause existed for the issuance of a search warrant. Judge Bekken is a very experienced and well-respected state court judge. Judge Bekken's findings and conclusions as set forth in his "Order Denying Motion to Suppress Evidence" are thorough and complete. See Docket No. 25-5. In accordance with precedent in the Eighth Circuit, Judge Bekken's findings of probable cause deserve great deference in this case.

### III.   CONCLUSION

Based on the totality of the circumstances, and with "great deference" given to the issuing judicial officer, the Court finds that there was a substantial basis in the record for the state judicial

officer to find probable cause for the issuance of an arrest warrant and a search warrant. The Court **DENIES** the Defendant's Motion to Suppress Evidence (Docket No. 18).

    **IT IS SO ORDERED**.

Dated this 9th day of January, 2008.

                                  */s/ Daniel L. Hovland*
                                  Daniel L. Hovland, Chief Judge
                                  United States District Court